UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
VOLKSWAGEN AG, a German Corporation,
and VOLKSWAGEN GROUP OF
AMERICA, INC., a New Jersey Corporation,

                                   Plaintiffs,
       v.                                                                     08-CV-820

V.W. PARTS, Inc., et al.,

                                   Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiffs commenced the instant action alleging the unauthorized use of their trademarks and trade dress in violation of the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(c), 1125(a), and 1125(d). Plaintiffs seek damages and preliminary and permanent injunctive relief. Defendants V.W. Parts, Inc. and William Hrazanek (hereinafter "Defendants") were properly served copies of the summons and Complaint. Defendants have failed to appear in this action.[1] The Clerk entered default against Defendants on September 24, 2008. Presently before the Court is Plaintiffs' motion for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2) seeking a permanent injunction and an award of attorney's fees and costs pursuant to 15 U.S.C. § 1117(a).

Defendants' failure to appear constitutes an admission of all well-pleaded allegations in the Complaint. H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 107 (2d Cir.

---

[1] The other defendants in this action were dismissed by the parties' stipulation. See Dkt. 26.

2006). Based on the default, Defendants admit the following facts: (1) that Plaintiffs' trademarks are famous, inherently distinctive and have acquired secondary meaning; (2) Defendants have used and continue to use counterfeits, copies, reproductions and imitations of Plaintiff's marks in connection with the advertisement, promotion and sale of their products and services; (3) Defendants' use of the marks is likely to cause confusion as to the source of the products; (4) Defendants' use of the marks dilutes the quality of and tarnishes Plaintiffs' marks; (5) Defendants used the mark after it became famous; (6) Defendants had a bad-faith intent to profit from the use of Plaintiffs' marks in domain names; and (6) Defendants registered, trafficked in, or used domain names that are identical, confusingly similar, or dilutive of Plaintiffs' trademark at the time Defendants registered the domain names. These factual allegations establish the essential elements of Plaintiffs' trademark and cyberpiracy claims. See Virgin Enterprises, Ltd. v. Nawab, 335 F.3d 141, 146 (2d Cir. 2003); Savin Corp. v. Savin Group, 391 F.3d 439 (2d Cir. 2004); Storey v. Cello Holdings, LLC, 347 F.3d 370, 381 (2d Cir. 2003). Thus, Defendants' liability is established and Plaintiffs are entitled to judgment on its claims for relief. The Court further finds that, based on the undisputed allegations on the Complaint, the remedies of injunctive relief, including transfer of the domain names, see 15 U.S.C. § 1125(d)(1)(C), is warranted because there is an absence of an adequate remedy at law.

Lastly, attorneys fees are available under the Lanham Act in exceptional cases. "The finding of willfulness determines the right to attorneys' fees." Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 854 (2d Cir. 1995). "'Exceptional' circumstances include willful infringement." Id. Here, the undisputed allegations of the Complaint establish willfulness and, therefore, an entitlement to attorneys' fees.

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages. . . . Damages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). Fed. R. Civ. P. 55(b)(2) provides that "the court may conduct such hearings or order such references as it deems necessary and proper" to determine the amount of damages. See Tamarin v.. Adam Caterers, Inc., 13 F.3d 51, 54 (2d Cir. 1993). However, under Rule 55(b)(2), "it [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment." Fustok v. ContiCommodity Services, Inc., 873 F.2d 38, 40 (2d Cir.1989). Plaintiffs' submissions serve as a proper basis for attorneys' fees that are susceptible to mathematical computation. Plaintiffs seek judgment against Defendants in the amount of $23,596.47.

Because these damages are susceptible of mathematical computation, the Court will enter judgment in this amount unless, within fourteen days of the date of this Order, Defendants file affidavits and/or other evidence, admissible in form, contesting or otherwise addressing the proper calculation of damages. In its submission, Defendants shall also indicate whether it is requesting an evidentiary hearing.

For the foregoing reasons, Plaintiffs' motion for default is GRANTED on the issue of liability and Plaintiffs are entitled to the equitable relief they seek. If Defendants fail to submit evidence in opposition to Plaintiffs' claimed damages within fourteen days of the

date of this Order, the Clerk shall enter judgment against Defendants V.W. Parts, Inc. and William Hrazanek and in favor of Plaintiffs in the amount of $23,596.47.

    IT IS SO ORDERED.

Dated: April 20, 2009

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge